Porto Rico Consolidated Fruit Co. et al.,[1] Petitioners, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 22185.   Promulgated May 29, 1929.

*Willis M. Spaulding, Esq.*, for the petitioners.
*J. L. Backstrom, Esq.*, for the respondent.

---

[1] Bayview Fruit Co. of Porto Rico, Columbo Tropical Fruit Co., El Prospero Fruit Co. of Porto Rico, Laguna Fruit Co. of Porto Rico, Porto Rico Citrus Fruit Co., Royal Fruit Co. of Porto Rico, Inc., Star Fruit Co. of Porto Rico, and Superior Fruit Co. of Porto Rico.

OPINION.

TRAMMELL: The petitioners contend that their entire income is derived from sources without the United States, for the reason that their income is derived from the sale of farm products grown in Porto Rico. The respondent contends that the source of the petitioners' income, which is attributable to the sale of their products in New York, is within the United States, because such products are not reduced to cash until sold by the commission house after the arrival of the products within the United States, and for the further reason that the proceeds are kept within the United States and all of the petitioners' activities other than those relating to the ownership of the land and assets and its farming operations and the expenses of operating the plantations are within the United States.

Section 262 of the Revenue Act of 1921 is as follows:

(a) That in the case of citizens of the United States or domestic corporations, satisfying the following conditions, gross income means only gross income from sources within the United States—

(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section) for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

(2) If, in the case of such corporation, 50 per centum or more of its gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States; or

(3) If, in the case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another.

(b) Notwithstanding the provisions of subdivision (a) there shall be included in gross income all amounts received by such citizens or corporations within the United States, whether derived from sources within or without the United States.

(c) As used in this section the term "possession of the United States" does not include the Virgin Islands of the United States.

In order to come within the above quoted section, it must be shown that 80 per cent or more of the gross income of the corporation was derived from sources within a possession of the United States. If this is not shown, then section 262 is not applicable.

In a number of cases the Board has held that income derived from the sale in the United States of goods manufactured in other countries is income from a source within the United States. See *Richard L. Birkin et al.*, 5 B. T. A. 402; *Yokohama Ki-Ito Kwaisha, Ltd.*, 5 B. T. A. 1248; *Tootal Broadhurst Lee Co.*, 9 B. T. A. 321, affirmed upon appeal by the Circuit Court of Appeals, 30 Fed. (2d) 239; *Charles J. Billwiller*, 11 B. T. A. 841, and *Brookfield Linen Co., Ltd.*, 15 B. T. A. 168. In view of the foregoing decisions, it is our opinion that the petitioners here do not come within the provisions of section 262.

In computing the deficiencies herein, the respondent has computed the credits in accordance with article 327 of Regulations 62. The action of the respondent in computing such credits, including the taxes paid to Porto Rico, is, in our opinion, correct, and is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*

STERNHAGEN concurs in the result.